UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DANIEL HECTOR VIERA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SUZANNE M. PEERY,<br><br>　　　　Respondent. | Case No. 19-cv-04743-LB<br><br>**ORDER TO SHOW CAUSE**<br>Re: ECF No. 1 |

## INTRODUCTION

Petitioner Daniel Hector Viera is currently in the custody of respondent Suzanne M. Peery, Warden, at the California Correctional Facility in Susanville, California. Mr. Viera filed this action seeking a writ of habeas corpus. Mr. Viera's petition is now before the court pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing Section 2254 and 2255 Cases in the United States District Courts. This order requires the respondent to respond to the petition.

## STATEMENT

On October 29, 2010, in Solano County case number FCR276370, Mr. Viera entered a plea of no contest to a violation of California Penal Code § 273.5(a) (willful infliction of corporal injury to spouse/cohabitant/child's parent) with an enhancement under California Penal Code

§ 12022.7(a) (inflicting great bodily injury while committing or attempting felony).[1] Mr. Viera was sentenced to serve 210 days in county jail and a term of three years' probation.[2] Mr. Viera received half-time (or two-for-one) credits during his incarceration pursuant to California Penal Code § 4019.[3]

On April 18, 2013, in Solano County case number VCR217660 Mr. Viera was charged with a violation of California Vehicle Code § 2800.2 (driving in willful or wanton disregard for safety of persons or property while fleeing from pursuing police officer) and California Vehicle Code § 20002 (duty to stop where property is damaged).[4] On September 19, 2013, in case number FCR276370, Mr. Viera admitted the violation and was sentenced five years' probation with a seven-year suspended sentence and was committed to the Delancey Street program for two years.[5] Mr. Viera also waived all custody credits, "past, present and future," but the terms of those credits allegedly were not discussed.[6] In case number VCR217660, Mr. Viera was sentenced to three years' probation with an eight-month suspended sentence, to be served consecutively to the seven-year sentence in case number FCR276370.[7]

On February 14, 2017, the Solano County court found that Mr. Viera was in violation of his probation and formally revoked his probation.[8] On March 17, 2017, the court sentenced Mr. Viera to a seven-year-and-eight-month prison term.[9] Mr. Viera was not awarded any credits.[10]

---

[1] Habeas Pet. – ECF No. 1 at 5 (¶ 1). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.*

[3] *Id.*

[4] *Id.* (¶ 2).

[5] *Id.*

[6] *Id.* at 1 (¶ 2), 7 (¶¶ 11–12).

[7] *Id.* at 1 (¶ 2).

[8] *Id.* at 6 (¶ 3).

[9] *Id.*

[10] *Id.*

Mr. Viera did not pursue a direct appeal of his conviction.[11] On October 25, 2018, he filed a petition for writ of habeas corpus in Solano County Superior Court, arguing that he was denied his Sixth Amendment right to counsel because his counsel allegedly had not properly advised him of the conduct credits that were available to him.[12] On December 17, 2018, the Solano County Superior Court denied Mr. Viera's petition.[13]

On February 13, 2019, Mr. Viera filed a petition for writ of habeas corpus in the California Court of Appeal, First Appellate District.[14] On April 4, 2019, the California Court of Appeal denied Mr. Viera's petition.[15] On April 11, 2019, Mr. Viera filed a petition for review in the California Supreme Court.[16] On May 15, 2019, the California Supreme Court denied Mr. Viera's petition.[17]

Mr. Viera now brings this federal petition for writ of habeas corpus, arguing that he "was denied his Sixth Amendment right to counsel at a critical stage of the criminal proceedings when trial counsel failed to advise him that he was not eligible for half-time credits for his 7-year prison commitment."[18]

## ANALYSIS

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mr. Viera alleges that he is in custody in violation of the Sixth Amendment to the U.S. Constitution.

---

[11] *Id.* (¶ 4).
[12] *Id.*
[13] *Id.* (¶ 5).
[14] *Id.* (¶ 6).
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.* at 7 (¶ 15).

1   Courts "shall forthwith award the grant or issue an order directing the respondent to show
2   cause why the writ should not be granted, unless it appears from the application that the applicant
3   or person detained is not entitled thereto." 28 U.S.C. § 2243. "Summary dismissal is appropriate
4   only when the allegations in the petition are vague or conclusory or palpably incredible, or
5   patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal
6   citations, quotation marks, and brackets omitted). The court cannot say that Mr. Viera's
7   allegations are vague, conclusory, palpably incredible, or patently frivolous or false. The
8   respondent must respond to Mr. Viera's petition.

## CONCLUSION

For the foregoing reasons,

1. Mr. Viera's petition warrants a response.
2. The clerk must serve by mail a copy of this order and the petition and all attachments thereto upon the respondent.
3. The clerk also must serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon the respondent.
4. By September 5, 2019, the respondent must file and serve upon Mr. Viera an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.
5. If Mr. Viera wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondent by September 26, 2019.

The matter will be taken under submission, or set for hearing, in the court's discretion.

**IT IS SO ORDERED.**

Dated: August 15, 2019

LAUREL BEELER
United States Magistrate Judge